IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DELROY PENGELLY,<br><br>      Plaintiff,<br><br>      vs.<br><br>STATE OF HAWAII, FAMILY COURT OF THE THIRD CIRCUIT; MARGARITA PENGELLY AND OBO MINOR CHILD; EDWARD J.S.F. SMITH; ERNIE F. GIANOTTI; ROBERT D.S. KIM,<br><br>      Defendants. | Civ. No. 17-00306 SOM-KJM<br><br>ORDER GRANTING DEFENDANT ERNIE GIANOTTI'S MOTION TO DISMISS |

**ORDER GRANTING DEFENDANT ERNIE GIANOTTI'S MOTION TO DISMISS**

**I.      INTRODUCTION.**

Plaintiff Delroy Pengelly ("Delroy"),[1] proceeding pro se, has filed a Complaint alleging that two of his former attorneys, his estranged wife, her attorney, and a Hawaii Family Court violated his Fifth and Fourteenth Amendment rights and various Hawaii statutes.  Before the court is a motion to dismiss by one of Delroy's former attorneys, Ernie Gianotti.  The court grants Gianotti's motion as to thed federal claims, and declines to exercise supplemental jurisdiction over the remaining state-law claims.  The court decides the motion without a hearing pursuant to Local Rule 7.2(d).

---

[1] The court refers to Delroy by his first name because his wife, Margarita Pengelly, is also a party.

II.     BACKGROUND.

In the Complaint, Delroy names as Defendants his estranged wife, Margarita Pengelly; her attorney, Robert Kim; two of Delroy's previous attorneys, Edward Smith and Ernie Gianotti; Hawaii Family Court Judge Aley K. Auna Jr.; and the State of Hawaii Family Court of the Third Circuit ("Hawaii Family Court"). ECF 1, PageID # 1.

In an order on October 18, 2017, this court granted motions to dismiss made by Defendants Kim, Smith, Judge Auna, and the Hawaii Family Court. *See* ECF 31. Much of what is stated in that order applies here, and to that extent the prior order is incorporated here, supplemented by the present discussion relating particularly to Gianotti.

In a filing on November 17, 2017, Delroy stated that he is appealing the October 18, 2017 order, *see* ECF 34, but, as the court explains below, the order appealed from is nonfinal, and not yet appealable. Any appeal therefore does not divest this court of jurisdiction.

**A.  Allegations Regarding Gianotti.**

According to the Complaint, on July 15, 2016, Margarita Pengelly went to the Hawaii Family Court to request a temporary restraining order ("TRO") against Delroy. ECF 1, PageID #s 3, 5. At the TRO hearing, Margarita allegedly "provided four false witnesses to testify" against Delroy. *Id.*

at PageID # 3. It is not clear who the witnesses were. *See id.* During the proceeding, Delroy's attorney, Ernie Gianotti, allegedly failed to "show a willingness to work on [Delroy's] behalf" and "refus[ed] to effectively cross examine" the witnesses. *Id.* Judge Aley K. Auna Jr. granted the TRO. *See id.* There are no further factual allegations relating to Gianotti. *See id.*

The Complaint asserts four claims for relief against "the Defendants," *id.* at PageID #s 7-11, by which Delroy apparently means *all* Defendants, including Gianotti.[2] First, Defendants violated Delroy's Fifth and Fourteenth Amendment rights by depriving him of income and his emotional bond with his child without due process of law. *Id.* at PageID # 8. Second, Defendants were part of a civil conspiracy to deprive Delroy of his assets. *Id.* at PageID # 9. Third, Defendants "engage[d] in overt acts [of] fraud" while using the legal system to further their conspiracy. *Id.* at PageID #s 9-10. Fourth, Defendants intentionally inflicted emotional distress on Delroy. *Id.* at PageID #s 10-11. The Complaint seeks more than $75,000 per claim in damages. *Id.* at PageID #s 7-11.

---

[2] Gianotti argues that the Complaint does not allege that he, in particular, violated Delroy's constitutional rights. *See* ECF 27, PageID # 129. The court disagrees. When a pro se complaint labels various individuals and entities "Defendants," and asserts claims for relief against "the Defendants," it is not a stretch to read it as proceeding against all of the individuals labeled "Defendants."

3

The court construes the federal claims in the Complaint as proceeding under 42 U.S.C. § 1983, for the same reasons expressed in its order on October 18, 2017. *See* ECF 31. The court has discretion to exercise supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367.

    **B.    Gianotti's Filings.**

Gianotti moved to dismiss on September 20, 2017. ECF 27. His motion incorporated by reference a scheduling conference statement filed on August 14, 2017. *See* ECF 24. In both filings, Gianotti argued that the Complaint should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF 24, PageID #s 121-22; ECF 27, PageID # 127.

**III.    STANDARD UNDER RULES 12(b)(1) AND 12(b)(6).**

This court's order on October 18, 2017, sets forth the applicable standard of review. *See* ECF 31.

**IV.    ANALYSIS.**

    **A.    The Court Has Subject Matter Jurisdiction.**

As explained in the order on October 18, 2017, subject matter jurisdiction exists given the presence of a federal question. *See* ECF 31.

On November 17, 2017, Delroy filed a notice of appeal indicating that he was appealing this court's order of October 18, 2017. *See* ECF 34. The court's prior order dismissed claims

4

against some but not all Defendants, and gave Delroy an opportunity to submit an Amended Complaint by December 29, 2017. *See* ECF 31. Because the court has not yet entered judgment in this case, Delroy's attempted appeal is from a nonfinal ruling. A premature appeal does not divest this court of jurisdiction. *See Stevenson v. Grentec, Inc.*, 652 F.2d 20, 22 (9th Cir. 1981).

### B. *Rooker-Feldman* Does Not Divest the Court of Jurisdiction.

Gianotti argues that the *Rooker-Feldman* doctrine renders Delroy's Complaint defective. *See* ECF 24, PageID # 121. For the same reasons articulated in the order on October 18, 2017, the court concludes that *Rooker-Feldman* does not apply here, as Delroy is not seeking review of a "final" state court order. *See* ECF 31.

### C. The Complaint Fails to Establish that Gianotti Acted "Under Color of State Law."

Gianotti argues that the constitutional claims against him must be dismissed because he is not a state actor. *See* ECF 24, PageID # 122. The court phrases the pleading defect in slightly different language: because the court construes Delroy's Complaint as proceeding under 42 U.S.C. § 1983, the question is whether the Complaint establishes that Gianotti acted "under color of state law." *See Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th. Cir 1997) (explaining that to state a § 1983 claim, "[p]laintiffs must plead two essential elements:

5

1) that the Defendants acted under color of state law, and 2) that the Defendants caused them to be deprived of a right secured by the Constitution and the laws of the United States"). The issues of "state actor" and "under color of state law" are related, though, as the Ninth Circuit has explained that the "under color of state law" question tracks the state actor inquiry "posed in cases arising under the Fourteenth Amendment." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)) (addressing RFRA's "under color of state law" requirement, which the court held mirrors that in § 1983).

According to the Complaint, Gianotti participated in a civil conspiracy to deprive Delroy of his assets. ECF 1, PageID # 9. The Complaint alleges that Gianotti failed to "show a willingness to work on [Delroy's] behalf" and "refus[ed] to effectively cross examine" witnesses at a TRO proceeding. *Id.* at PageID # 3. For the same reasons stated in the order on October 18, 2017, the court finds that these allegations, to the extent they may be asserting a federal claim, fail to establish that Gianotti acted in this respect "under color of state law." *See* ECF 31. Accordingly, the court dismisses the § 1983 claims against Gianotti.

### D. The Court Declines to Exercise Supplemental Jurisdiction over the Remaining State-Law Claims.

For the same reasons articulated in the order on October 18, 2017, this court declines to exercise supplemental jurisdiction over the remaining state-law claims against Gianotti. ECF 31.

### V. CONCLUSION.

The federal claims against Gianotti are dismissed with leave to amend. If Delroy files an Amended Complaint with a plausible federal claim, he may assert state-law claims in the same document. Delroy may file an Amended Complaint asserting claims against Gianotti no later than December 29, 2017. Failure to file by that deadline will cause this action to be automatically dismissed. In the event of such automatic dismissal, Delroy may, at his option, seek to litigate any cognizable claims he may have in state court.

Any Amended Complaint must be complete in itself; it may not simply incorporate by reference the original Complaint or anything previously filed with this court or any other court. Also, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, any Amended Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." With respect to each claim, Delroy should describe what Gianotti allegedly did in separate, numbered paragraphs,

including sufficient facts and references to legal claims and statutory citations to put Gianotti on notice of why he, specifically, is being sued.  Complaints are a road map to a plaintiff's claim.  Accordingly, any proposed Amended Complaint should clearly and concisely articulate the claim being asserted and the basis or bases of this court's jurisdiction, including whether Delroy wishes to proceed under § 1983 or some other federal law.

If Delroy is proceeding under § 1983, his allegations should include factual information about why Gianotti is acting under color of state law.  If Delroy is not proceeding under § 1983, then, depending on what law he is proceeding under, there may not be an "under color of state law" requirement, but he still must state some claim that is plausible.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 20, 2017.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Delroy Pengelly v. State of Hawaii, Family Court of the Third Circuit, Civ. No. 17-00306 SOM-KJM; ORDER GRANTING DEFENDANT ERNIE GIANOTTI'S MOTION TO DISMISS.