IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DELROY PENGELLY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF HAWAII, FAMILY COURT OF THE THIRD CIRCUIT; MARGARITA PENGELLY AND OBO MINOR CHILD; EDWARD J.S.F. SMITH; ERNIE F. GIANOTTI; ROBERT D.S. KIM,<br><br>　　　　Defendants. | Civ. No. 17-00306 SOM-KJM<br><br>ORDER TO SHOW CAUSE WHY PLAINTIFF DELROY PENGELLY'S CLAIMS AGAINST DEFENDANT MARGARITA PENGELLY SHOULD NOT BE DISMISSED |

**ORDER TO SHOW CAUSE WHY PLAINTIFF DELROY PENGELLY'S
CLAIMS AGAINST DEFENDANT MARGARITA PENGELLY SHOULD NOT BE DISMISSED**

The court orders Plaintiff Delroy Pengelly ("Delroy")[1] to submit, no later than January 25, 2018, a written statement of no more than 1,500 words explaining why the court should not dismiss his claims against Defendant Margarita Pengelly ("Margarita") for the same reasons it previously dismissed his claims against Defendants Edward Smith, Robert Kim, and Ernie Gianotti. *See* ECF 31; ECF 36. In lieu of a written statement, Delroy may also submit, no later than January 25, 2018, an Amended Complaint asserting claims against Margarita but no other Defendants. *See* Fed. R. Civ. P. 15(a)(2).

---

[1] The court uses Delroy's first name because his wife, Margarita Pengelly, is also a party in this suit.

Prior Orders of this court dismissed all claims against all Defendants aside from those asserted against Margarita. ECF 31; ECF 36. In its Order on October 18, 2017, the court dismissed Delroy's claims against the Hawaii Family Court and Judge Aley K. Auna Jr. without leave to amend. ECF 31. In its Orders on October 18 and November 20, 2017, the court dismissed Delroy's claims against Smith, Kim, and Gianotti with leave to amend, and gave Delroy until December 29, 2017, to file an Amended Complaint. ECF 36. December 29 has come and gone without an Amended Complaint; at this point, the only remaining claims in this lawsuit are those against Margarita.[2]

The court's prior Orders construed Delroy's Complaint as proceeding under 42 U.S.C. § 1983, and determined that Delroy's allegations failed to indicate how Smith, Kim, and Gianotti could have acted "under color of state law," which is an "essential element" of stating a § 1983 claim. *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997); ECF 31, PageID #s 171-72, 182-88; ECF 36, PageID # 211. This court dismissed the § 1983 claims, leaving no plausible federal claim. The court then declined to exercise supplemental jurisdiction over

---

[2] This court's Order on November 20, 2017, erroneously stated that Delroy's failure to file an Amended Complaint by the December 29, 2017, deadline "will cause this action to be automatically dismissed." ECF 36, PageID # 212. That statement was incorrect, however, as claims remain pending against Margarita, who has filed an Answer to the Complaint but no motion to dismiss. *See* ECF 14.

the remaining state-law claims against Smith, Kim, and Gianotti. ECF 31, PageID #s 188-89; ECF 36, PageID # 212.

In issuing its prior Orders, the court noticed that the Complaint's allegations pertaining to Margarita appeared to be similarly flawed. The court now orders Delroy to explain why his claims against Margarita should not also be dismissed. In his written statement, Delroy may address whether the court properly construed the Complaint as seeking to proceed under 42 U.S.C. § 1983, or whether, in his view, the Complaint states some other federal claim. If he seeks to proceed under § 1983, Delroy should articulate why, in his view, the Complaint states a § 1983 claim against Margarita. The written statement should also explain why this court should exercise supplemental jurisdiction over the state-law claims against Margarita.

As noted, Delroy may opt to file an Amended Complaint instead of a written statement. If Delroy chooses to submit an Amended Complaint, this Order will be rendered moot. Any Amended Complaint must be restricted to Margarita, and may not assert claims against Defendants Kim, Smith, Gianotti, Judge Aley K. Auna, or the Hawaii Family Court. If an Amended Complaint asserts a plausible federal claim against Margarita, Delroy may assert state-law claims in the same document. Any Amended Complaint must be complete in itself; it may not simply

3

incorporate by reference the original Complaint or anything previously filed with this court or any other court.

Also, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, any Amended Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  With respect to each claim, Delroy should describe what Margarita allegedly did in separate, numbered paragraphs, including sufficient facts and references to legal claims and statutory citations to put Margarita on notice of why she, specifically, is being sued. Complaints are a road map to a plaintiff's claim.  Accordingly, any proposed Amended Complaint should clearly and concisely articulate the claim being asserted and the basis or bases of this court's jurisdiction, including whether Delroy wishes to proceed under § 1983 or some other federal law.  If Delroy is proceeding under § 1983, his allegations should include factual information about why Margarita acted under color of state law.  If Delroy is not proceeding under § 1983, then, depending on what law he is proceeding under, there may not be an "under color of state law" requirement, but he still must state some claim that is plausible.

If Delroy does not file a written statement or an Amended Complaint by January 25, 2017, claims against Margarita will be automatically dismissed.  This court will then enter

judgment against Delroy for the entire action. In the event of such automatic dismissal, Delroy may, at his option, seek to litigate any cognizable claims he may have in state court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 3, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Delroy Pengelly v. State of Hawaii, Family Court of the Third Circuit, Civ. No. 17-00306 SOM-KJM; ORDER TO SHOW CAUSE WHY PLAINTIFF DELROY PENGELLY'S CLAIMS AGAINST DEFENDANT MARGARITA PENGELLY SHOULD NOT BE DISMISSED.